[Cite as *State v. Vause*, 2013-Ohio-4351.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| GRETEL L. VAUSE | : | Case No. 13-COA-010 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland Municpal
Court, Case No. 13-CRB-0129AB

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     September 18, 2013

APPEARANCES:

For Plaintiff-Appellee

W. DAVID MONTAGUE
Assistant Law Director
1213 East Main Street
Ashland, OH 44805

For Defendant-Appellant

KAREN DESANTO-KELLOGG
432 Center Street
Ashland, OH 44805

*Baldwin, J.*

{¶1}    Defendant-appellant Gretel L. Vause appeals the denial by the Ashland Municipal Court of her Motion to Suppress. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On January 25, 2013, appellant was cited for disorderly conduct in violation of R.C. 2917.11(B)(2) and possession of drug paraphernalia in violation of Ashland City Ordinance 513.12(C)(1), both misdemeanors. Appellant pleaded not guilty to the charges.

{¶3}    On February 14, 2013, appellant filed a Motion to Suppress the evidence seized from her person. Appellant, in her motion, argued that there was no probable cause to arrest her for disorderly conduct and that, therefore, the evidence was seized incident to an unlawful arrest.

{¶4}    A hearing on appellant's motion was held February 25, 2013. At the hearing, Sergeant Jerry Bloodhart of the City of Ashland Police Division testified that on January 25, 2013, he initiated a traffic stop of a vehicle at 10:01 p.m. after the driver drove the wrong way on a street. Appellant was a passenger in the vehicle. Sergeant Bloodhart arrested the driver of the vehicle for operating a motor vehicle while under the influence of alcohol.

{¶5}    After arresting the driver, the Sergeant noticed that appellant's eyes were red and watery, that she had a strong odor of alcohol about her person, and that she was unsteady on her feet. Appellant admitted to the Sergeant that she was intoxicated and had been drinking. Because he believed that appellant was in no condition to drive the vehicle, Sergeant Bloodhart asked her if anyone could come and get her and the

vehicle. He called the relative whose number appellant provided him with and the relative told the Sergeant that he did not want anything to do with appellant and refused to come and get her. Appellant did not provide the Sergeant with any other numbers. Because it was wintery, cold and dark outside and appellant was dressed in blue jeans, shoes and a Carhartt coat, Sergeant Bloodhart, who believed that appellant could not care for herself due to her intoxication, did not feel that it would be safe to let appellant sit in the vehicle that he had stopped or to let her walk the eleven miles to her home. The Sergeant then arrested appellant and took her to jail.

{¶6}    Before placing appellant in his cruiser, another officer on the scene searched appellant and found a metal pipe with burnt residue on the ends in her coat pocket along with a hypodermic needle.

{¶7}    On cross-examination, Sergeant Bloodhart testified that appellant was not passed out and was polite and cooperative during their entire contact.  Appellant did not appear to be confused, was not swearing and was able to produce identification when asked to do so without any difficulty.  The Sergeant testified that after the man he called refused to come and get appellant, he did not ask appellant for any other names to call. He also testified that he did not offer to give her ride to the Ashland Police Department or any other location.  He further testified that he arrested appellant for disorderly conduct because she was intoxicated and had no responsible person who could come and get her and take care of her. The Sergeant testified that letting appellant, who was unsteady on her feet, walk down the road would create a risk of physical harm to her.

{¶8}    As memorialized in a Judgment Entry filed on March 12, 2013, the trial court denied appellant's Motion to Suppress, finding that Sergeant Bloodhart had

probable cause to charge appellant with disorderly conduct.  The trial court, in its Judgment Entry, found that appellant, while intoxicated, had engaged in affirmative acts creating a significant risk of harm to herself. The trial court noted that appellant got into a  car with a drunk driver and traveled miles from her residence with no responsible party available to safely take her home and that she was dressed in such a manner that made walking home on the night in question unsafe.

{¶9}    Thereafter, on March 19, 2013, appellant pleaded no contest to both charges.   Appellant was sentenced to thirty (30) days in jail with fifteen (15) days suspended, was placed on probation for a period of one (1) year and was ordered to pay  fines adding up to $350.00  In addition, her operator's license was suspended for six (6) months.

{¶10}   Appellant now raises the following assignment of error on appeal:

{¶11}   THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED DURING A SEARCH INCIDENT TO ARREST, WHERE THE ARRESTING OFFICER LACKED PROBABLE CAUSE AND VIOLATED APPELLANT'S FOURTH AMENDMENT RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES.

I

{¶12}   Appellant, in her sole assignment of error, argues that the trial court erred in denying her Motion to Suppress. We disagree.

{¶13}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said

findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592, 621 N.E.2d 726 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37, 619 N.E.2d 1141 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 641 N.E.2d 1172 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623, 620 N.E.2d 906 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶14} The Fourth Amendment to the United States Constitution provides for "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The State bears the burden of establishing a warrantless search, which is per se unreasonable, is, nevertheless, reasonable pursuant to one or more exceptions to the Fourth Amendment's warrant requirement. *Xenia v. Wallace,* 37 Ohio St.3d 216, 524 N.E.2d 889 (1988), paragraph

two of the syllabus. A search incident to arrest is an exception to the general rule warrantless searches are per se unreasonable. *State v. Mims,* 6th Dist. Ottawa No. OT-05-030, 2006-Ohio-862, ¶ 23. However, police may conduct a search of the arrestee's person incident only to a lawful arrest. *State v. Dillon,* 10th Dist. No. 04AP-1211, 2005-Ohio-4124, ¶ 31. Evidence obtained as a result of an illegal arrest is inadmissible at trial. *State v. Henderson*, 51 Ohio St.3d 54, 56, 554 N.E.2d 104 (1990), citing *Wong Sun v. United States* , 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)

{¶15}  In the case sub judice, the determinative issue is whether or not Sergeant Bloodhart had probable cause to arrest appellant for disorderly conduct due to intoxication. If the officer lacked probable cause,  then the evidence seized during the search incident to the arrest must be suppressed. Probable cause to conduct a warrantless arrest exists when police have, at the moment of arrest, knowledge of facts and circumstances grounded in reasonably trustworthy information to warrant a belief by a prudent person that an offense has been committed by the person to be arrested. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

{¶16}  R.C. 2719.11(B)(2) provides:

{¶17}  "(B) No person, while voluntarily intoxicated, shall do either of the following:

{¶18}  "(2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another."

{*¶19}*  The law focuses, not on the drunken state of the accused, but rather upon his conduct while drunk. *State v. Pennington*, 5th Dist. Stark No.1998CA00137, 1998 WL 818632 (Nov. 16, 1998). The law requires some affirmative behavior on the part of

the defendant and does not prohibit merely being intoxicated.  See *State v. Parks* , 56 Ohio App.3d 8, 10-11, 564 N.E.2d 747 (1990). "Risk" is statutorily defined as "a significant possibility as contrasted with a remote possibility, that a certain result may occur or that certain circumstances exist." R.C. 2901.01(A)(7). Additionally, "the duty to arrest a person for disorderly conduct while intoxicated is necessarily discretionary." *Knapp v. Gurish,* 44 Ohio App.3d 57,58, 541 N.E.2d 121 (8th Dist. 1989). A police officer must "assess the condition of the intoxicated person and determine whether his condition poses a risk of harm to himself or others. This assessment requires an exercise of professional judgment that is essential to the proper implementation of [R.C. 2917.11(B)(2) ]." *Id.*

{¶20}   In addition to appellant's admitted intoxication, Sergeant Bloodheart based his decision that appellant presented a risk of physical harm to herself or another upon the following facts. The vehicle in which appellant was sitting at the time of the stop was approximately 11 miles from her home. As testified to by the Sergeant, it was dark and visibility was poor because of snow, which was falling heavily.   Sergeant Bloodheart testified that the temperature was in the teens and that the roads were icy, slick and covered by snow. He did not believe that the there were any sidewalks. Appellant, who he testified was unsteady on her feet, was dressed in a pair of shoes, blue jeans and a Carthart coat.   Sergeant Bloodheart testified that appellant leaned up against the vehicle in order to remain upright. No responsible party was available to take appellant home that night.

{¶21}   Based upon the foregoing, we conclude that the facts and circumstances of this case warranted Sergeant Bloodhart's belief that appellant's intoxication had

created a significant risk of harm to herself. We find that the Sergeant had probable

cause to arrest appellant disorderly conduct. Since the arrest was lawful, the trial court

did not err in denying appellant's Motion to Suppress.

{¶22}   Appellant's sole assignment of error is, therefore, overruled.

{¶23}   Accordingly, the judgment of the Ashland Municipal Court is affirmed.

By: Baldwin, J.

and Farmer, J. concur.

and Hoffman, P.J. dissents.

_____
HON. CRAIG R. BALDWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

CRB/dr

*Hoffman, P.J., dissenting*

{¶24} I respectfully dissent from the majority opinion.

{¶25} While Appellant's level of intoxication may be disputed, Appellant's argument is not presumed upon the fact she was not voluntarily intoxicated. However, the statute requires more. While Appellant was voluntarily intoxicated, did she engage in conduct or create a condition that presented a risk of physical harm to herself or another, or property of another? As noted by the majority, "risk" is defined as "a significant possibility" a certain result may occur or that certain circumstances exits.

{¶26} Did Appellant create the condition that presented risk to her? While she elected to be a passenger in a vehicle operated by someone who had consumed alcohol, we do not know the level of intoxication of the driver, let alone whether the driver was or was not guilty of committing OMVI. It is not against the law to consume alcohol and operate a motor vehicle in Ohio. It is only against the law when the amount of alcohol consumed reaches a certain prohibited level or the operator's ability to operate the vehicle is appreciatively impaired that a violation occurs. While the officer may have had probable cause to arrest the driver, we cannot assume his or her guilt on the record before us. I find the suggestion one necessarily creates a situation of risk of harm to themselves by failing to anticipate the possibility of being stranded relatively far away from home on a cold snowy night because of the arrest of his or her driver because the driver has consumed some amount of alcohol is not a significant possibility.[1]

{¶27} It seems unjust the determining factor in Appellant's arrest ultimately depended upon the availability and/or willingness of someone coming to pick her up.

---

[1] Appellant was dressed appropriately for her intended travel in a car.

While I recognize the officer's primary responsibility was to process the arrest of the driver and it would be ill advised and potentially dangerous to leave Appellant on her own, I cannot help but wonder why Appellant could not have simply been taken in the cruiser to the police station where arrangements for her transportation home could have been made.

{¶28}  I find the circumstances presented in this case insufficient to support the charge.

_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Vause*, 2013-Ohio-4351.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GRETEL L. VAUSE | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 13-COA-010 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court is affirmed. Costs assessed to appellant.


_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER